95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Craig Joseph MASON, Defendant-Appellant.
 No. 95-1601.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1996.
 
 1
 Before: KENNEDY and BOGGS, Circuit Judges; RUSSELL, District Judge.*
 
 OPINION
 
 2
 RUSSELL, District Judge.
 
 
 3
 Defendant Craig Joseph Mason, who entered a conditional plea of guilty to one count of being a felon unlawfully in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), appeals the District Court's denial of his motion to suppress a firearm obtained during a warrantless seizure and to suppress statements subsequently made with regard to that firearm. For the reasons stated below, we VACATE the order denying the motion to suppress and REMAND for further proceedings. With respect to the trial court's finding that exigent circumstances existed with respect to the warrantless search and seizure of the firearm within the defendant's apartment, we AFFIRM.
 
 I.
 
 4
 The following facts were determined by the district court after a suppression hearing. On May 2, 1994, Detectives Doyle and Luth of the Saginaw Township Police Department were engaged in an investigation of a recent break-in of a local apartment. The owner of the apartment had told Doyle and Luth that he suspected that the defendant, who lived in an upstairs apartment within the same building, was responsible for the break-in and that he believed that the defendant had a shotgun in his apartment. Doyle and Luth were aware that the defendant had a prior felony conviction for an assaultive offense. The detectives proceeded to the defendant's apartment and knocked on the door for several minutes. The defendant eventually asked who was there. The detectives identified themselves as police officers and stated that they wanted to talk to him. The defendant opened the door and Luth and Doyle showed their badges. Defendant then stepped back from the door and at some point sat down on the bed located only a few steps away from the open door. The detectives testified at the suppression hearing that they then asked the defendant "where's the gun?" At that point, the defendant stated "under the bed" and either gestured in that direction, as testified by Doyle, or made a movement to reach between the mattresses, as testified by Luth. In either case, Doyle and Luth proceeded to search under the mattress and seize the shotgun.
 
 
 5
 The district court found that exigent circumstances existed to justify the search and seizure of the shotgun because the detectives knew that the defendant had previously been convicted of an assaultive felony, they had been told that the defendant possessed a shotgun, and because of the apparent potential danger in the defendant's physical movement toward the bed when asked for the shotgun's location. The district court did not make a finding as to the location of Doyle and Luth with respect to whether they had actually entered the apartment prior to asking for the location of the shotgun nor did it make a finding of whether the officers had consent to enter.
 
 II.
 
 6
 We review the District Court's findings of fact under a clearly erroneous standard and its legal conclusions de novo. See United States v. Duncan, 918 F.2d 647, 650 (6th Cir.1990), cert. denied, 500 U.S. 933, 111 S.Ct. 2055, 114 L.Ed.2d 461 (1991).
 
 III.
 
 7
 Defendant argues that exigent circumstances existed only after an unlawful entry by Doyle and Luth. As a result, defendant asserts that the Court's finding that exigent circumstances justified the warrantless entry, as well as the subsequent warrantless search and seizure of the gun, was erroneous.
 
 
 8
 The Fourth Amendment prohibits the warrantless entry of an individual's home, "whether to make an arrest or to search for specific objects." Illinois v. Rodriguez, 497 U.S. 177, 181, 110 S.Ct. 2793, 2797, 111 L.Ed.2d 148 (1990). "The physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." United States v. Sangineto-Miranda, 859 F.2d 1501, 1511 (6th Cir.1988) (quoting United States v. United States Dist. Court, 407 U.S. 297, 313, 92 S.Ct. 2125, 2135, 32 L.Ed.2d 752 (1972)). However, this prohibition does not apply to situations in which voluntary consent has been obtained. Rodriguez, 497 U.S. at 181. In addition, exigent circumstances may justify a warrantless entry into a residence. United States v. Morgan, 743 F.2d 1158, 1161 (6th Cir.1984) (citing Payton v. New York, 445 U.S. 573, 590, 100 S.Ct. 1371, 1382, 63 L.Ed.2d 639 (1980)), cert. denied, 471 U.S. 1061, 105 S.Ct. 2126, 85 L.Ed.2d 490 (1985).
 
 
 9
 Defendant apparently concedes in his brief, and we agree, that exigent circumstances properly existed to justify the warrantless search and seizure of the shotgun if Doyle and Luth lawfully entered the premises and, after they asked defendant where it was located, defendant verbally indicated its location and physically gestured or moved toward it. If the request for the shotgun by Doyle and Luth and defendant's response thereto occurred prior to the entry into the apartment, however, then we agree with the District Court that the warrantless entry was lawful because of the existence of exigent circumstances.
 
 
 10
 If the warrantless entry occurred prior to the existence of exigent circumstances, the entry would violate the Fourth Amendment absent some other applicable exception to the warrant requirement such as implied consent to enter. An unlawful warrantless entry could require, as "fruit of the poisonous tree," the exclusion of the subsequent lawful search and seizure done under exigent circumstances. See United States v. Richardson, 949 F.2d 851, 858 (6th Cir.1991) (prior illegality taints subsequent lawfully obtained evidence).
 
 
 11
 In this case, while the defendant did not give verbal permission to enter, implied consent to enter the apartment could be found from defendant's conduct in opening the door after the officers' announcement, stepping back and eventually sitting on the bed. See United States v. Griffin, 530 F.2d 739, 742-44 (7th Cir.1976); Robbins v. MacKenzie, 364 F.2d 45, 48-49 (1st Cir.1966), cert. denied 385 U.S. 913; United States v. Tragash, 691 F.Supp. 1066, 1072 (S.D.Ohio 1988). Both detectives testified at the suppression hearing that they inferred from defendant's conduct that they had been given permission to enter.
 
 
 12
 The district court did not make a specific finding as to the location of the detectives with respect to the threshold of the apartment when they asked defendant for the gun, stating only that "the detectives' inquiry about the location of the gun was made near the threshold of the apartment." Likewise, there was no finding as to whether the detectives had implied consent to enter the apartment if they asked about the location of the gun only after they had entered the apartment. Thus, we hold that the failure to set out clearly the specific findings necessary to the determination of the lawfulness of the entry requires that this case be remanded to the District Court for the necessary findings.
 
 IV.
 
 13
 Defendant also contends that the District Court erred in concluding that the testimony of the detectives was more credible than the testimony of the defendant. Fact findings by the district court will be set aside only for clear error and substantial deference is given to the credibility determinations by the court because of the trial court's opportunity to observe the witnesses' demeanor. See United States v. Gessa, 57 F.3d 493, 496 (6th Cir.), cert. denied 116 S.Ct. 827, 133 L.Ed.2d 769 (1996); United States v. Aloi, 9 F.3d 438, 440 (6th Cir.1993). In sum, defendant argues that the inconsistencies between the testimony of Doyle and Luth indicate a clear lack of credibility and that the detectives' accounts of the events are simply not plausible.
 
 
 14
 This argument fails, however, because the district court more than adequately addressed the differences in the testimony of detectives Doyle and Luth. The court observed that the differences in testimony were never contradictory and that on the most significant matters they essentially agreed. On the other hand, the Court found that the defendant's testimony was overblown and presented with an unconvincing demeanor. Further, the court found that other sworn testimony given by the defendant in response to a bond violation in this same case was patently false. Our review of the district court's credibility determination reveals no clear error.
 
 V.
 
 15
 Accordingly, we vacate the order denying the motion to suppress and remand the action to the District Court for further proceedings in accordance with this opinion.
 
 
 
 *
 The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation